56 F.3d 375
 VILLAGER POND, INC., Plaintiff-Appellant,
v.
TOWN OF DARIEN, Darien Planning & Zoning Commission, also
known as Planning & Zoning Commission of the Town of Darien,
Frederick R. Sammis, Individually and as Selectman of the
Town of Darien, Franklin E. Penn, Individually and as a
Chairman of the Darien Planning and Zoning Commission,
Edmund F. Schmidt, Individually and as a Member of the
Darien Planning and Zoning Commission, Raymond D. Nurme,
Individually and as Planning and Zoning Director of the Town
of Darien, David J. Keating, Individually and as Assistant
Director/Zoning Enforcement Officer of the Town of Darien
and Jane F. Branigan, Individually and as an Agent of the
Town of Darien Representative Town Meeting, Defendants-Appellees.
 No. 698, Docket 94-7564.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 20, 1995.
Decided May 17, 1995.
 
 Ridgely W. Brown, Darien, CT (Brown & Brown, Darien, CT, of counsel), for plaintiff-appellant.
 John Wayne Fox, Stamford, CT (Curtis, Brinckerhoff & Barrett, P.C., Stamford, CT, of counsel), for defendants-appellees.
 Before: NEWMAN, Chief Judge, and MINER, Circuit Judge.*
 MINER, Circuit Judge:
 
 
 1
 Plaintiff-appellant Villager Pond, Inc. ("Villager Pond") appeals from a judgment entered on April 29, 1994 in the United States District for the District of Connecticut (Dorsey, J.) dismissing its complaint for failure to state a claim under 42 U.S.C. Sec. 1983. Villager Pond alleges in its complaint that the Town of Darien ("the Town"), the Darien Planning and Zoning Commission ("the Commission"), and various individual defendants, acting in both their individual and official capacities, (collectively "the Municipal Defendants") improperly withheld zoning compliance permits[1] for condominium units built by Villager Pond so as to coerce Villager Pond to convey two condominium units to the Town.
 
 
 2
 The complaint alleges violations of Villager Pond's constitutional rights to substantive and procedural due process, and of its right to be compensated for a taking of its property for public use. The district court dismissed the complaint, having found that Villager Pond did not have a property right in the special permit that it had obtained for the condominium development at issue, and further having found that its takings claim was not ripe. For the reasons that follow, we reverse the district court's judgment in part, affirm in part, and remand to the district court for further proceedings consistent herewith.
 
 BACKGROUND
 
 3
 On this motion to dismiss for failure to state a claim, we must accept the factual allegations in the complaint as true. Villager Pond is a corporation organized under the laws of the State of Connecticut, and has its place of business in the Town of Darien. With respect to the property at issue in this appeal, Villager Pond is a successor in right, title and interest to a general partnership operating under the name ESP Associates that, in August of 1985, applied to the Commission for approval of a special permit to construct forty condominium units. The condominium units were to be constructed on property designated as the Villager Pond Condominiums located in the Town of Darien. On October 29, 1985, the Commission granted the special permit, authorizing, among other things, the construction of thirty-seven condominium units on the property. The special permit required, however, that two of the units permanently be reserved for use by "moderate income" individuals. Final approval of the special permit, which included the provision for moderate-income units, was granted in January of 1986.
 
 
 4
 Villager's constitutional claims turn on the allegation that, beginning in approximately July of 1987 and continuing until 1988, the Municipal Defendants withheld the issuance of documents known as "zoning compliance permits" on the two moderate-income units and on other units in the condominium complex. Zoning compliance permits are prerequisites for the sale and occupancy of the units. According to the complaint, the permits were withheld despite the existence of a "ministerial, nondiscretionary duty" on the part of the Municipal Defendants to issue them. In an act characterized by the plaintiff as "coercion," the Municipal Defendants refused to issue the compliance permits unless Villager Pond conveyed the two moderate-income units to the Town, rather than, as agreed, to a non-profit corporation created for the purpose of holding and managing the moderate-income properties. According to Villager Pond, nothing in the Town's Zoning Regulations, in Connecticut's General Statutes or in the terms of the special permit required that the units be conveyed to the Town.
 
 
 5
 On July 18, 1988, as required, Villager Pond entered into an agreement with the Town pursuant to which Villager Pond agreed to donate one of the moderate-income units to the Town and sell the other unit to the Town for $90,000. The Town eventually conveyed one of the units to an unidentified individual for a substantial consideration, but with no restriction limiting subsequent resale to persons of moderate income. The second moderate-income unit also was conveyed by the Town for substantial consideration, but this deed did contain some restrictions on the subsequent resale of the property. It appears that the Town now has issued the certificates of zoning compliance.
 
 
 6
 Upon the foregoing facts, Villager Pond's complaint alleged that the Commission's actions violated its rights to substantive and procedural due process, in violation of the Fourteenth Amendment, and also that the actions amounted to a taking of its property without just compensation, in violation of the Fifth and Fourteenth Amendments. The defendants moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and, in the alternative, moved for a more definite statement in anticipation of the assertion of immunity defenses. The district court dismissed the complaint for failure to state a claim. With respect to Villager Pond's claims of due process violations, the district court concluded that Villager Pond's allegations did not establish a protected property interest. With respect to Villager Pond's takings claim, the district court concluded that it was unripe because Villager Pond had failed to seek compensation under the state constitution's takings clause. The district court therefore denied as moot the defendants' motion for a more definite statement. Villager Pond appeals.
 
 DISCUSSION
 
 7
 The district court's dismissal of Villager Pond's action is a ruling of law that we review de novo. See Southview Assoc., Ltd. v. Bongartz, 980 F.2d 84, 99 (2d Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993). In exercising this review, our "task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.... [I]n passing on a motion to dismiss, ... the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 235-236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Viewed under these standards, we conclude that we must remand.
 
 1. Due Process
 
 8
 When a landowner alleges that he has been deprived of property in violation of the due process clause by the actions of a state zoning authority, we begin our inquiry by determining whether a constitutionally cognizable property interest is at stake. An applicant for a governmental permit has a protected property interest in the permit being sought only where "the applicant has a 'clear entitlement' to the approval sought from the government official or administrative body." Walz v. Town of Smithtown, 46 F.3d 162, 168 (2d Cir.1995). In assessing whether a plaintiff has a "clear entitlement" to a permit, we "focus primarily on the degree of discretion enjoyed by the issuing authority, not the estimated probability that the authority will act favorably in a particular case." RRI Realty Corp. v. Incorporated Village of Southampton, 870 F.2d 911, 918 (2d Cir.), cert. denied, 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989); see also Gagliardi v. Village of Pawling, 18 F.3d 188, 192-93 (2d Cir.1994). A clear entitlement, and, in turn, a constitutionally protected property interest, exists only when "the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured." RRI Realty, 870 F.2d at 918. These standards have been crafted to strike the necessary balance between the landowner's need for constitutional protection and local governments' need to regulate matters of local concern. See Zahra v. Town of Southold, 48 F.3d 674, 680 (2d Cir.1995).
 
 
 9
 Appellant contends that the Supreme Court's recent decision in Dolan v. City of Tigard, --- U.S. ----, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994), overrules our line of cases, such as Walz and RRI, which makes the existence of a property interest in a permit being sought turn on the restricted discretion of the authority issuing the permit. We disagree. Dolan protects a landowner's right, in some circumstances, not to be required to surrender his land as a condition of obtaining a permit, whether the discretion otherwise available to the issuing authority is broad or narrow. Walz and RRI are concerned with the distinct issue of whether an applicant for a permit has a property interest in the permit being sought.
 
 
 10
 After correctly recognizing the governing standards, the district court held that Villager Pond's allegations were insufficient to establish the existence of a property right, noting that "[p]laintiff does not allege an entitlement or property interest in the special permit. Nor does plaintiff allege that the Commission lacked discretion in the issuance and enforcement of special permits. The absence of these allegations defeats [its] ... due process claims." The court therefore dismissed the due process claims. This was error. Villager Pond alleged that, at the time the Municipal Defendants began to withhold the zoning compliance permits, the final special permit already had been granted. At that point, the "clear entitlement" test no longer was applicable to the special permit because the test applies only to permits being sought. The special permit, once issued, unquestionably was the property of Villager Pond. Therefore, the district court improperly dismissed the due process claims on the ground that Villager Pond had no property interest in the special permit.
 
 
 11
 The situation is different with regard to Villager Pond's asserted property interest in the zoning compliance permits. In order to establish a protected property interest in those permits, Villager Pond will have to establish a lack of discretion on the part of officials to deny their issuance. In Sullivan v. Town of Salem, 805 F.2d 81, 84-85 (2d Cir.1986), we reversed a judgment dismissing plaintiff's due process claim where plaintiff had alleged that, although the houses he had built satisfied all the requirements of state and municipal law, town officials nonetheless had withheld certificates of occupancy for the houses. We reasoned that "[i]f the houses complied with the applicable state and municipal requirements, there was no element of discretion or judgment remaining for the building official to exercise in determining whether to issue the certificates." Id. at 85. Similar principles apply in this case, and upon remand the district court should consider whether Villager Pond can establish a property interest in the zoning compliance permits at the time they were withheld.
 
 
 12
 If the district court determines that, prior to the issuance of the zoning permits, the discretion to issue them was so limited that a property interest existed in these permits, then the court must determine whether the adding of the condition of conveying two parcels was so arbitrary that substantive due process was violated, and, if, so, whether the plaintiff suffered damages as a result of the delay in having the permits issued.
 
 2. Takings
 
 13
 The district court properly dismissed as unripe Villager Pond's claim that it had been unconstitutionally deprived of compensation for the taking of its property. By "property" alleged to be taken unconstitutionally, we understand Villager Pond to mean its interests in the two units conveyed, allegedly by coercion. A landowner "has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State." Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985). Thus, before a plaintiff may assert a federal takings claim, he must first seek compensation from the state if the state has a "reasonable, certain and adequate provision for obtaining compensation." Id. at 194, 105 S.Ct. at 3120 (internal quotations omitted); see also Southview Assoc., Ltd. v. Bongartz, 980 F.2d 84, 99 (2d Cir.1992). Moreover, relief under a state compensation procedure must be attempted even where it "remains unsure and undeveloped." Southview, 980 F.2d at 99; see also Austin v. City and County of Honolulu, 840 F.2d 678, 680-81 (9th Cir.), cert. denied, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988). In Southview, for example, this court held that a takings claim was unripe where the plaintiff had not attempted to obtain compensation under the Vermont State Constitution's takings clause, even though no court ever had interpreted that clause to require compensation for a regulatory taking. 980 F.2d at 99-100.
 
 
 14
 In light of the foregoing, it is clear that Villager Pond has not met the requirements outlined in Williamson. Here, as in Southview, the state constitution contains a straightforward takings clause:
 
 
 15
 The property of no person shall be taken for public use, without just compensation therefor.
 
 
 16
 Conn. Const. Art. 1, Sec. 11. This clause may be used as the basis of an inverse condemnation action to recover compensation for property taken from private individuals, even in the absence of a separate statutory remedy. See Laurel, Inc. v. State, 169 Conn. 195, 200, 362 A.2d 1383 (1975). And although no Connecticut case has been cited wherein compensation was provided for a taking like the one alleged here, Villager Pond is still required to look to the state for compensation before its takings claim will lie. See Southview, 980 F.2d at 99-100.
 
 
 17
 Villager Pond attempts to avoid this result by contending that a plaintiff who alleges a physical taking, as opposed to a regulatory taking, is not required to seek compensation in a state proceeding before the claim will be considered ripe. In making this contention, Villager Pond cites Southview, wherein the plaintiff made the same argument by relying upon language in a Ninth Circuit case, Hall v. City of Santa Barbara, 833 F.2d 1270, 1281-82 n. 28 (9th Cir.1986), cert. denied, 485 U.S. 940, 108 S.Ct. 1120, 99 L.Ed.2d 281 (1988). We reject Villager Pond's contention. First, reliance upon Southview for this contention is misplaced, because in that case the issue was not reached. See id. at 96. Second, the Hall decision has since been clarified by the Ninth Circuit: "Even in physical taking cases, compensation must first be sought from the state if adequate procedures are available." Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1402 (9th Cir.1989), cert. denied, 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). We agree with this statement. Williamson drew no distinction between physical and regulatory takings, and the rationale of that case, that "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State," 473 U.S. at 195, 105 S.Ct. at 3121, demonstrates that any such distinction would be unjustified. Thus, regardless of whether Villager Pond's claim alleges a physical or regulatory taking, the claim is not yet ripe for review.
 
 
 18
 In this connection, we also reject Villager Pond's argument that the question whether an action lies under the state constitution's takings provision has been answered in the negative by Kelley Property Dev., Inc. v. Town of Lebanon, 226 Conn. 314, 627 A.2d 909 (1993). In Kelley, the Supreme Court of Connecticut held that no state common-law cause of action for damages existed for official deprivations of due process, and it further refused to infer a cause of action under the theory of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and its progeny from the state constitution's due process clause. See Kelly, 226 Conn. at 330-343, 627 A.2d 909. As is clear, those conclusions have little to do with whether an adequate remedy for the asserted taking of the condominium units exists under the state constitution's takings clause. So long as a remedy potentially is available under the state constitution's provision, Villager Pond has not yet met the preconditions for a valid takings claim.
 
 
 19
 Finally, the same considerations defeat Villager Pond's argument on appeal that it has pleaded a cause of action under Dolan v. City of Tigard, --- U.S. ----, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994), a case handed down after the district court's judgment in this case. In Dolan, the Supreme Court held that where a municipality makes an adjudicative decision to condition the grant of a zoning permit on an applicant's dedication of property for public use, the municipality must demonstrate an "essential nexus" and "rough proportionality" between its legitimate zoning interest and the property dedication required. See id. at ---- - ----, 114 S.Ct. at 2317-19. If this showing could not be made here, for example, the zoning decision would become a taking of the two units for which Villager Pond would have to be compensated. See id. at ---- - ----, 114 S.Ct. at 2316-2317; Nollan v. California Coastal Comm'n, 483 U.S. 825, 834-36, 107 S.Ct. 3141, 3147-48, 97 L.Ed.2d 677 (1987). However, unlike in Dolan, where the landowner challenged the conditions placed on the grant of a permit before the property was "taken," title to the two units conveyed in this case became vested in the Town before the suit was brought in the district court. Accordingly, Villager Pond's claim under Dolan is that, as a result of the conditions placed on the grant of the certificates of zoning compliance, the Town has taken property without providing just compensation. In this situation, Williamson dictates that Villager Pond must attempt to obtain compensation in the state courts before it may assert a claim under the Takings Clause in federal court. The inverse condemnation requirement of Williamson applies whenever compensation is sought for land that is taken, whether the taking occurs by direct governmental action or by the indirect action of obtaining the land as a condition of issuing a permit.
 
 CONCLUSION
 
 20
 For the foregoing reasons, we reverse so much of the judgment that dismissed plaintiff's due process claim for failure to allege a protected property interest, we affirm so much of the judgment that dismissed plaintiff's takings claim as unripe, and we remand for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York, who was originally a member of the panel, recused himself just prior to oral argument. The case is being decided by the remaining two judges of the panel, pursuant to Local Rule Sec. 0.14(b). See Murray v. National Broadcasting Co., 35 F.3d 45 (2d Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 734, 130 L.Ed.2d 637 (1995)
 
 
 [1]
 In the complaint, these documents are referred to as "zoning compliance permits," but in their briefs and at oral argument the parties sometimes referred to the documents that allegedly were withheld as "certificates of occupancy." For the purposes of this opinion, we will use the terms "zoning compliance permits" or "compliance permits" to refer collectively to the documents allegedly withheld by the Town