Salvatore **CATAPANO**, Plaintiff,

v.

**WYETH AYERST PHARMACEUTICALS, INC. and American Home Products Corp., Defendants.**

**No. 99–CV–338 (ADS).**

United States District Court, E.D. New York.

March 8, 2000.

Stone & Brantman, Jericho, NY, for plaintiff, by Burton W. Stone, of counsel.

Kenyon & Kenyon, New York City, for defendants, by Paul Heller, Reem Jishi, of counsel.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves a claim by the Plaintiff, Salvatore Catapano, that the Defendants, manufacturers of a typhoid vaccine, are infringing on his patents concerning treatment of patients with immune system deficiencies and psoriasis by injections of the typhoid vaccine. Presently before the Court is the Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

### *BACKGROUND*

The facts of this case, drawn entirely from Catapano's complaint, can be easily stated.

Catapano's complaint alleges that he has been an Immunologist for more than 20 years, and that he "has been in the medical field for well over 50 years." In 1987, Catapano was granted United States Patent 4,711,876 for "a method of treating a human patient to effect the remission of AIDS which comprises parenterally administering to the AIDS patient typhoid vaccine." On November 29, 1988, Catapano obtained a second patent, no. 4,788,057, for treating patients with psoriasis with typhoid vaccine injections. Also, on May 26, 1992, Catapano was awarded patent 5,116,814, which bears the same abstract as the 1987 patent.

Catapano alleges that the Defendants "are the sole manufacturer of typhoid vaccine in the United States," and that "the Defendants distribute the vaccine knowing that it is widely being used by doctors, hospitals and others in the medical field for the specific purposes of immune stimulation that clearly violates Plaintiff new (sic) patents." Curiously, Catapano seeks an injunction preventing the Defendants,

the only manufacturers of the typhoid vaccine used in his treatment, from selling or distributing the vaccine. He also requests royalties in the amount of $50 per dose of the vaccine administered since 1987.

## DISCUSSION

The court may not dismiss a complaint under Fed.R.Civ.P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of plaintiff. *Id.; Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

■ The court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999). In this case, both parties have submitted numerous newspaper articles and other documents in conjunction with their motion papers. However, in light of the rule stated above, the Court declines to consider any documents other than the complaint, the patent descriptions expressly referenced in the complaint, and the one-page description of the Defendants' typhoid vaccine that both parties included in their moving papers. *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir.1999) (holding no error when district court considered non-movant's sub-mission of document outside of the complaint).

Catapano fails to identify, by name or statutory section, the particular type of patent infringement he is claiming here. 35 U.S.C. § 271 identifies three kinds of actionable patent infringements: direct infringement under § 271(a); inducement of infringement under § 271(b); and contributory infringement under § 271(c).

■ Direct patent infringement occurs when a device, composition, or method that is literally covered by a patent claim or is equivalent to the claimed subject matter, is made, used, or sold, without the authorization of the patent holder, during the term of the patent. *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473 (Fed.Cir. 1998), *citing* 35 U.S.C. § 271(a). In this case, the "method" covered by Catapano's claim is generally described in his patents as "parenterally administering, in multiple injections, to the patient in need of such treatment typhoid vaccine in a therapeutically effective amount which is sufficient to provide immunostimulating activity." The patent documents specifically identify "typhoid vaccine [ ] marketed by Wyeth Laboratories" as the vaccine to be used. According to the one-page description of the vaccine, Wyeth Laboratories is a division of Defendant Wyeth Ayerst Co.

■ Nothing in Catapano's complaint alleges, much less suggests, that the Defendants are using or selling his particular method of treating immune deficient patients to anyone. The description of the typhoid vaccine supplied by the parties indicates that the sole indication for use of the vaccine is "for active immunization against typhoid fever." In this document, the Defendants do not state, directly or indirectly, that the vaccine may be used "to provide immunostimulating activity" as Catapano's patent does. Because Catapano has not alleged that the Defendants are using or selling his method of treating immune deficient patients, he fails to state

30

a claim for direct patent infringement under § 271(a).

■ Induced infringement under § 271(b) occurs where a party is "actively and knowingly aiding and abetting another's direct infringement." *National Presto Industries v. West Bend Co.*, 76 F.3d 1185, 1194–95 (Fed.Cir.1996) *citing Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed.Cir.1988). A plaintiff alleging inducement of infringement must establish that the defendant possessed specific intent to encourage another's infringement and that he knew or should have known his actions would induce actual infringements. *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990). Of course, a finding that a claim has been infringed is a necessary prerequisite to finding that there has been an act constituting an inducement to infringe under § 271(b). *Zenith Laboratories v. Bristol–Myers Squibb Co.*, 19 F.3d 1418, 1423 n. 5 (Fed.Cir.1994).

■ Here, the Court assumes, without necessarily finding, that Catapano's allegation that "doctors, hospitals and others in the medical field" are using the vaccine for the purpose of immune system stimulation in violation of his patent is sufficiently specific to allege a claim for actual infringement against these anonymous non-party "doctors, hospitals, and others in the medical field." However, even when viewed in the light most favorable to him, Catapano's complaint fails to allege that the Defendants specifically intend to encourage this behavior. Even if the Defendants are aware that doctors and hospitals are using the vaccine to stimulate patients' immune systems in violation of Catapano's patent, such knowledge alone does not suffice to hold the Defendants liable for inducement. *R2 Medical Systems, Inc. v. Katecho, Inc.*, 931 F.Supp. 1397, 1440 (N.D.Ill.1996) (mere knowledge that its customers use its products in the

infringing manner does not demonstrate the requisite intent for claim of inducement), *citing Oak Industries Inc. v. Zenith Electronics Corp.*, 697 F.Supp. 988, 992–94 (N.D.Ill.1988).

Catapano has not alleged that the Defendants have claimed or recommended to anyone, implicitly or explicitly, that the vaccine can be used for immune system stimulation. *Compare Biacore v. Thermo Bioanalysis Corp.*, 79 F.Supp.2d 422, 459 (D.Del.1999) (manufacturer who actively marketed a product with instructions on how to use it in a manner that infringed on the plaintiff's patent was liable for inducement of infringement). Even the broadest reading of the complaint alleges nothing more than the Defendants' mere knowledge that doctors and hospitals are infringing on his patent, Consequently, Catapano has failed to state a claim for inducement to infringe under § 271(b).

■ Finally, contributory infringement exists when a defendant "sells a component of a patented machine, manufacture ... or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c). The doctrine of contributory infringement exists to protect patent rights from subversion by those who, without directly infringing the patent themselves, engage in acts designed to facilitate infringement by others. *Dawson Chemical Co. v. Rohm and Haas Co.*, 448 U.S. 176, 188, 100 S.Ct. 2601, 65 L.Ed.2d 696 (1980). As with inducement to infringe, there can be no claim for contributory infringement without direct infringement by another person. *Serrano v. Telular Corp.*, 111 F.3d 1578, 1583 (Fed.Cir.1997).

■ The allegations by Catapano do not fit the definition of contributory infringement. While the Defendants do sell a

31

product—the vaccine—that is a material component of Catapano's patented method, it would be absurd to suggest that the Defendants manufacture the vaccine especially for use in Catapano's treatment methodology. On the contrary, Catapano's patent documents, which specifically refer to the vaccine manufactured by the Defendants, clearly establish that the vaccine existed before Catapano invented his treatment method. It would reverse cause and effect to suggest that the Defendants manufactured the vaccine specifically to infringe on Catapano's patent. Nor does Catapano identify any other acts done by the Defendants to sell any other material that constitutes a necessary component of his invention. Therefore, Catapano fails to state a claim for contributory infringement under § 271(c).

In sum, reading the complaint in the light most favorable to Catapano, the Court finds that it fails to state any viable claim for patent infringement. Accordingly, the Defendants' motion to dismiss the complaint is granted.

### CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) is GRANTED. The complaint is dismissed in its entirety. The Clerk of the Court is directed to close the case.

**SO ORDERED.**