Deborah DONOGHUE, As Executrix of the Estate of Richard Morales, Plaintiff,

v.

AMERICAN SKIING COMPANY, Cerberus International, Ltd., and Cerberus Partners, L.P., Defendants.

No. 00 CIV. 8755(DC).

United States District Court, S.D. New York.

Aug. 21, 2001.

David Lopez, Southampton, NY, for Plaintiff.

Lowenstein Sandler, PC, By Edward T. Dartley, Roseland, NJ, for Defendants Cerberus International, Ltd. and Cerberus Partners, L .P.

## MEMORANDUM DECISION

CHIN, District Judge.

In this securities case, plaintiff Richard Morales [1] alleges that defendants Cerberus

International, Ltd. and Cerberus Partners, L.P. (collectively, "Cerberus" or the "Cerberus defendants"), as beneficial owners of more than 10% of the outstanding common stock of defendant American Skiing Company ("American Skiing"), realized "short-swing" profits from purchases and sales of American Skiing stock, in violation of Section 16(b) of the Securities and Exchange Act of 1934 (the "1934 Act"). Although plaintiff commenced this suit beyond § 16(b)'s two-year limitations period, he argues that the period should be equitably tolled because Cerberus failed to disclose its trades to the Securities and Exchange Commission (the "S.E.C."), as required by statute, thereby concealing the transactions.

As discussed below, however, the transactions at issue were reported to the S.E.C. by Stephen Feinberg, who "possesses voting and investment control over all securities of American Skiing ... owned by Cerberus ...." Because these disclosures were timely made and disclosed the Cerberus defendants' names, the date of the transactions, the numbers of shares bought or sold, and the price per share, thus enabling plaintiff to "easily and quickly" determine the nature of the short-swing transactions, equitable tolling is not warranted here. Moreover, plaintiff has not sufficiently pled a basis for invoking the equitable tolling doctrine. Accordingly, plaintiff's claims are time-barred, defendants' motion to dismiss is granted, and the complaint is dismissed, with prejudice.

## BACKGROUND

### A. The Participants

Plaintiff is and has been at all times relevant to this action a shareholder of American Skiing.[2] (Compl.¶ 2).

1. Morales died after the commencement of this action. By consent of the parties, Morales's executrix, Deborah Donoghue, has been substituted as plaintiff. As the parties' sub-

missions to the Court continue to refer to Morales as plaintiff, however, the Court shall do likewise.

At all times relevant to this action, Madeleine LLC was the record holder of all 36,626 shares of 10½% preferred stock of American Skiing, which was convertible at any time into more than 10% of the total shares of the company's common stock outstanding. (*Id.* ¶ 3). Madeleine LLC held the shares on behalf of Cerberus and other entities, all of whom granted to Feinberg "discretion to purchase, hold, sell or vote shares held for their benefit." (*Id.*). Cerberus and the other entities could exercise such rights individually, but only within 60 days of a determination to do so. (*Id.*).

■ Feinberg is the "General Partner" of Cerberus Partners, and the "Investment Manager" of Cerberus International, Ltd. and Madeleine LLC. (Dartley Decl. Exs. 7, 8).[3]

### B. *The American Skiing Transactions*

Cerberus International, Ltd. purchased 827,000 shares of American Skiing stock between January 13, 1998, and August 11, 1998. (Compl.¶ 9). Cerberus International, Ltd. sold 133,400 shares of American Skiing stock between February 3, 1998, and July 30, 1998, and realized profits "believed to approximate $575,000.00." (*Id.* ¶¶ 10–11).

Cerberus Partners, L.P. purchased 342,100 shares of American Skiing stock between January 13, 1998, and August 11, 1998. (*Id.* ¶ 12). Cerberus Partners, L.P. sold 85,500 shares of American Skiing stock on February 3 and 5, 1998, and realized profits "believed to approximate $400,000." (*Id.* ¶¶ 13–14).

### C. *Feinberg's Filings*

On February 10, 1998, Feinberg filed a Form 4 with the S.E.C., indicating a purchase of 245,000 shares of American Skiing stock on January 13, 1998. (Dartley Decl. Ex. 3). This Form 4 notes that Feinberg "possesses voting and investment power over all 36,626 shares of 10½% Preferred Stock ... of American Skiing .... Madeleine LLC is the record holder of the [stock] .... Mr. Feinberg also possesses voting and investment power over an aggregate of 245,000 shares of [American Skiing stock] held of record by [Cerberus]." (*Id.*).

On March 10, 1998, Feinberg filed a Form 4 with the S.E.C., indicating a sale of 147,000 shares of American Skiing stock on February 3, 1998, a sale of 1,300 shares of American Skiing stock on February 4, 1998, and a sale of 96,700 shares of American Skiing stock on February 5, 1998. (*Id.* Ex. 4). This Form 4 notes that Feinberg "possesses voting and investment power over all 36,626 shares of 10½% Preferred Stock ... of American Skiing .... Madeleine LLC is the record holder of the [stock] ...." (*Id.*).

On August 11, 1998, Feinberg electronically filed a Form 4 with the S.E.C., indicating, among other things, two separate purchases of American Skiing stock totaling 137,900 shares by Cerberus Partners,

---

**2.** American Skiing, a Delaware corporation, "is named as a party defendant solely in order to have all necessary parties before the court." (Compl.¶ 2).

**3.** On a motion to dismiss a securities action, a district court may consider documents required to be publicly filed with the S.E.C. that bear on the adequacy of disclosure. *See Kramer v. Time Warner, Inc.,* 937 F.2d 767,

773–74 (2d Cir.1991); *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co., Inc.,* 936 F.2d 759, 762 (2d Cir.1991); *see also Salinger v. Projectavision, Inc.,* 934 F.Supp. 1402, 1405 (S.D.N.Y.1996). Accordingly, I consider both the allegations contained in plaintiff's complaint and the publicly filed documents appended to defendants' motion to dismiss.

L.P. July 30 and 31, 1998, and three purchases of American Skiing stock totaling 347,300 shares and three sales of American Skiing stock totaling 15,400 shares by Cerberus International, Ltd. on July 30 and 31, 1998. (*Id.* Ex. 5). This Form 4 notes that Feinberg "possesses voting and investment control over all securities of American Skiing ... owned by [Cerberus] ...." (Id.) In addition, it notes that "[Feinberg] ... beneficially owns 2,788,771 shares of [American Skiing stock]. However, [his] interest in such shares is limited to his pecuniary interest, if any, in [Cerberus] ...." (*Id.*).

On September 8, 1998, Feinberg electronically filed a Form 4 with the S.E.C., indicating, among other things, four purchases of American Skiing stock totaling 150,700 shares by Cerberus Partners, L.P. between August 4 and August 11, 1998, and four purchases of American Skiing stock totaling 362,300 shares by Cerberus International, Ltd. between August 4 and August 11, 1998. (*Id.* Ex. 6). This Form 4 notes the same relationship between Feinberg and Cerberus as the August 11, 1998, Form 4.

### D. *Procedural Background*

As beneficial owner of more than 10% of American Skiing stock, Cerberus's purchases and sales of the company's stock within a six-month period are "short-swing profits," which, according to plaintiff, violate § 16(b) of the 1934 Act. Hence, plaintiff made a "[d]emand for prosecution" on American Skiing on August 23, 2000. (Compl.¶ 6).

Plaintiff then commenced this action on November 14, 2000, seeking payment of the "short-swing profits" to American Skiing, and an award to him of costs and disbursements, including attorney's fees.

### *DISCUSSION*

Cerberus moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting, among other things, that plaintiff's claims are time-barred because he failed to commence this action within § 16(b)'s two-year limitations period. In turn, although Feinberg's filings "clearly and unambiguously disclosed ... all of the information necessary for plaintiff to bring these claims" against Cerberus, plaintiff argues that the limitations period should be equitably tolled because Cerberus itself "fail[ed] to inform the investing public of [its] actions." The Court does not agree, and, therefore, defendants' motion is granted.

### I. *Applicable Law*

#### A. *Motion to Dismiss Standard*

■ A complaint may not be dismissed on a motion to dismiss unless it " 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Therefore, the issue before the Court " 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 235–36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Although the pleading requirements under Federal Rule of Civil Procedure 8(a) are construed liberally, "[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it

fails to do so, a motion under Rule 12(b)(6) will be granted." *Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc.*, 10 F.Supp.2d 334, 344 (S.D.N.Y.1998) (internal quotation omitted); *accord Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836, 841 (S.D.N.Y.2000).

### B. Section 16 of the 1934 Act

■ Section 16 "is intended 'to curb short-swing trading by insiders whose position gives them access to information not available to the investing public.'" *Tristar Corp. v. Freitas*, 84 F.3d 550, 552 (2d Cir.1996) (quoting *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 592 n. 23, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1973)). Specifically, § 16(b) provides, in relevant part:

> For the purposes of preventing the unfair use of information which may have been obtained by [a] beneficial owner [of more than 10 per centum of any class of any security] . . . , any profit realized by him from any purchase and sale . . . of any equity security of such issuer . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer . . . .

15 U.S.C. § 78p(b). Thus, a shareholder of an issuing corporation can maintain an action against a beneficial owner of more than 10% of any class of outstanding shares who profits from short-swing transactions. *Tristar*, 84 F.3d at 552–553. The statute provides, however, that "no such suit shall be brought more than two years after the date such profit was realized." 15 U.S.C. § 78p(b).

To facilitate the recovery of the short-swing profits, § 16(a) requires beneficial owners to disclose any changes in ownership "within ten days after the close of each calendar month thereafter." 15 U.S.C. § 78p(a). The disclosure is made through a Form 4, "which sets forth the insider's name, the date of the transaction, the number of shares sold or bought and the price per share." *Tristar*, 84 F.3d at 553 (citation omitted). Thus, by examining the Form 4s, the shareholder "may determine easily and quickly" whether an insider has profited from a short-swing transaction. *Id.*

### C. Equitable Tolling

■ The Second Circuit has held that a "federal statute of limitations may be equitably tolled when 'fraudulent or other conduct conceal[s] the existence of a claim.'" [4] *Id.* (quoting *Bowers v. Maritima Mexicana, S.A.*, 901 F.2d 258, 264 (2d Cir.1990)). The limitations period is tolled only "until the claim is (or should be) known to the plaintiff, or until the improper concealment has ceased." *Id.* Thus, equitable tolling ensures that "the unscrupulous [do not] avoid the salutary effect of Section 16(b) . . . simply by failing to file monthly reports in violation of subdivision (a) and thereby concealing from prospective plaintiffs the information they would need to adequately protect their interests." *Whittaker*, 639 F.2d at 528.

■ To invoke the doctrine of equitable tolling and overcome defendants' assertion that the claims are time-barred, plaintiff must plead, with the particularity required by Federal Rule of Civil Procedure 9(b),

---

**4.** As a threshold matter, defendants argue that, based on Supreme Court precedent, the limitations periods contained in the 1934 Act may not be equitably tolled. Although the Second Circuit has not addressed this specific issue, other courts have. *See, e.g., Whittaker v. Whittaker Corp.*, 639 F.2d 516 (9th Cir.

1981) (applying equitable tolling to § 16(b) claim). Nonetheless, because the Court finds that equitable tolling is not warranted here— as plaintiff had (or should have had) notice of the claims and as he has not sufficiently pled a basis for invoking equitable tolling—the Court need not address this argument.

the following: "(1) wrongful concealment by defendants, (2) which prevented plaintiff['s] discovery of the claim, and (3) due diligence by plaintiff[ ] in pursuing discovery of the claim." *Kolbeck v. LIT America, Inc.*, 923 F.Supp. 557, 565 (S.D.N.Y. 1996) (citing *Butala v. Agashiwala*, 916 F.Supp. 314, 321 (S.D.N.Y.1996)) (granting defendants' motion to dismiss plaintiff's securities fraud case). As further explained by the Second Circuit (in another context): "Even when such concealment exists, the party seeking the benefits of equitable tolling must have acted reasonably to discover the facts and to protect its rights." *Bowers*, 901 F.2d at 264 (citing *Arneil v. Ramsey*, 550 F.2d 774, 781 (2d Cir.1977)).

## II. *Application*

Here, plaintiff does not dispute that he has failed to commence this action within § 16(b)'s prescribed two-year limitations period. Rather, plaintiff alleges the following: "Reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of have not been filed with the [S.E.C.] by [Cerberus] . . . thereby tolling the running of the statute of limitations which has not expired." (Compl.¶ 8). Moreover, plaintiff argues that Feinberg's disclosure statements relating to the American Skiing transactions do not satisfy Cerberus's obligations under § 16(a).

Hence, the Court must determine whether Feinberg's Form 4s, which detail Cerberus's American Skiing transactions, concealed the information that plaintiff needed to adequately protect his interests. In addition, the Court considers whether plaintiff sufficiently pled the elements required to invoke the equitable tolling doctrine.

### A. *Feinberg's Form 4s Provided Plaintiff With Notice*

■ Feinberg's Form 4 disclosure statements, electronically filed on August 11,

1998, and September 8, 1998, specifically set forth each of the Cerberus defendants' names, the date of each defendants' particular transactions involving American Skiing stock, the number of shares of American Skiing stock that each defendant bought or sold, and the price per share for the transactions. (*See* Dartley Decl. Exs. 5, 6). *Cf. Tristar*, 84 F.3d at 553. The information is contained in the main text of the forms, not in a footnote, and, in fact, it is provided in the precise manner requested by the S.E.C ., which instructs the Form 4 filer as follows: "Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly." (Dartley Decl. Exs. 5, 6).

Although not as detailed as the electronically filed forms, the Form 4s filed on February 10, 1998, and March 10, 1998, do set forth Madeleine LLC's name and/or Cerberus's name, the date of the particular transactions involving American Skiing stock, the number of shares bought or sold, and the price per share. (*See* Dartley Exs. 3, 4). The Form 4s also state that Feinberg "indirectly . . . possesses voting and investment power over [the American Skiing stock]," and that Madeleine LLC was the record holder of the stock on behalf of Cerberus. (*Id.*).

Nonetheless, relying on *Morales v. Executive Telecard, Ltd.*, No. 95 Civ. 10202(KMW), 1998 WL 314734 (S.D.N.Y. June 12, 1998), plaintiff argues that Feinberg's disclosures did not satisfy Cerberus's § 16(a) obligations, and, thus, on that basis alone, the limitations period should be equitably tolled. (*See* Compl. ¶ 8; Pl. Mem. at 9–10). In *Executive Telecard*, however, although the court held that § 16(b)'s limitations period should be tolled, the holding rested solely on two factors that are not present here. First,

noting that no Form 4s were filed at all with respect to the challenged transactions, the court rejected the argument that the issuing company's Form 10–Q and Form 144 "serve[d] the same purpose as filing a Form 4, and therefore should have the same legal effect." *Executive Telecard*, 1998 WL 314734, at *3. Instead, the court asserted that the defendants were attempting to satisfy "a specific form of disclosure ... required by both statute and regulation ... through other means [to] satisfy their disclosure duties for the purposes of the limitations period." *Id.*

Here, as already discussed, at least four Form 4s relating to the American Skiing transactions were filed, and they specifically indicated Cerberus's role in the transactions. Thus, unlike the defendants in *Executive Telecard*, Cerberus was not attempting to satisfy its disclosure requirements "through other means ... to insulate [its] transactions from the scrutiny of outside shareholders." *Id.*

Second, the court in *Executive Telecard* noted that "neither a Form 144 nor a Form 10–Q is the functional equivalent of the Form 4," and it cited several specific differences between the forms: the Form 144 does not require disclosure of the price per share for the transactions; the Form 144 does not require the reporter to individualize each discrete transaction and "simply does not provide the same relevant information as Form 4"; the Form 10–Q "is [an] even less plausible" substitute for a Form 4, as they are only filed quarterly; and, thus, in general, these alternative forms do not give shareholders "the direct, timely notice of short-swing transactions that the Form 4 provides." *Id.*

Here, in contrast, all of the necessary information was provided to American Skiing shareholders in the Form 4s timely filed by Feinberg. Although Cerberus is not identified as the "Reporting Person" on the Form 4s, the transactions at issue here are specifically attributed to Cerberus. (*See, e.g.*, Dartley Ex. 5, at 2 (listing transactions under the headings "Transaction by Cerberus Partners, L.P." and "Transactions by Cerberus International, Ltd.")). Hence, the Form 4s satisfied "the statutory and regulatory goals of ensuring that shareholders have prompt and effective notice of short-swing profits." *Id.*

Plaintiff has not sufficiently alleged that Cerberus's or Feinberg's "conduct conceal[ed] the existence of [the] claims" against defendants. In fact, neither in its complaint nor in its memorandum in opposition to defendants' motion to dismiss does plaintiff allege that he did not have knowledge of the claims against Cerberus.[5] Accordingly, the limitations period should not be tolled as the claims were (or should have been) known to plaintiff.

## B. *Plaintiff Failed to Adequately Plead Equitable Tolling*

█ Similarly, plaintiff has failed to plead with particularity—in fact, has failed to plead at all—the requirements for invoking equitable tolling. Plaintiff has not alleged that Cerberus wrongfully concealed its transactions; he has not alleged that the concealment prevented him from discovering the claims against Cerberus; and he has also not alleged that he acted with due diligence to discover the claims. *Cf. Kolbeck*, 923 F.Supp. at 565. Instead,

---

**5.** Rather, letters dated March 27, 2000, and August 23, 2000, from plaintiff's counsel to American Skiing clearly indicate that plaintiff did have actual knowledge of these transactions. (*See* Dartley Decl. Exs. 12, 13). For example, the August 23, 2000, letter "requests that [American Skiing] take all steps necessary to require [a] ... disgorgement of profits realized by members of a group composed of Madeleine LLC, Cerberus International, Ltd., [and] Cerberus Partners, L.P...." (*Id.* Ex. 12).

plaintiff alleges in one conclusory sentence that Cerberus did not file Form 4s "thereby tolling the running of the statute of limitations." (Compl.¶ 8). This is not sufficient.

### *CONCLUSION*

As plaintiff had the information needed to timely file these claims against Cerberus, and as he failed to adequately plead the requirements to invoke the doctrine of equitable tolling, his claims are time-barred. Accordingly, defendants' motion is granted, and the complaint is dismissed, with prejudice. The Clerk of the Court shall enter judgment accordingly.

SO ORDERED.