Maryann **SCAFIDI**, Plaintiff,

v.

**BALDWIN UNION FREE SCHOOL DISTRICT**, Defendant.

No. 01 CV 4161(ADS)(WDW).

United States District Court, E.D. New York.

Dec. 19, 2003.

Scott M. Mishkin, Esq., Islandia, NY, for Plaintiff.

Ingerman Smith, LLP, by Warren Henry Richmond, Esq., of Counsel Northport, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). For the reasons stated

below, the motion is granted in part and denied in part.

## I. BACKGROUND

In October 2000, Maryann Scafidi ("Scafidi" or the "plaintiff"), a school psychologist who worked with disabled students, filed a charge of discrimination based on "disability" with the Equal Employment Opportunity Commission ("EEOC") against her employer, the Baldwin Union Free School District ("District" or the "defendant"). On March 29, 2001, the plaintiff received a Notice of Right to Sue Letter from the EEOC. On June 18, 2001, the plaintiff commenced this action against the District pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

As a result of the filing of her charge with the EEOC and commencement of this lawsuit, the plaintiff claims that the District retaliated against her. On or about February 25, 2003, as a result of the alleged retaliation, the plaintiff filed an amended charge of discrimination with the EEOC. In May 2003, the plaintiff received her second Notice of Right to Sue Letter from the EEOC. The plaintiff now seeks leave to amend her complaint to include several acts of retaliation by the defendant. In support of the current motion, the plaintiff submits a proposed amended complaint.

In her proposed amended complaint, the plaintiff sets forth a multitude of retaliatory acts by the District. Scafidi claims that on or about June 12, 2000, the District unilaterally relocated her to a high school in a room within the social worker's office. The plaintiff further asserts that this office was isolated from her colleagues and could be accessed only by a long flight of stairs which "forced" her to carry heavy testing materials up and down the stairway, aggravating her disability. In September 2000, she was then moved to a storage room. Finally, in September 2001, the plaintiff discovered that the District did not assign her to any office. Once she found her own office, the plaintiff claims that she was not given a nameplate.

Scafidi also contends that the District increased her work responsibilities by having her work at two local parochial schools and cover for two colleagues. The plaintiff further asserts that, unlike her colleagues, the District refused to provide her access to the clerical staff which made it difficult for her to work efficiently.

Furthermore, the plaintiff alleges that at the conclusion of the 2001–2002 school year, although she was informed by a middle school principal that she "worked well beyond her contractual day," the District gave her a negative evaluation. The plaintiff also asserts that during the 2002 2003 school year, she was placed "on intensive supervision due to plaintiff's alleged inefficiency." In addition, she claims that although she successfully completed her duties, the District "would focus and evaluate plaintiff on the one task that could not be completed."

The plaintiff also complains of not being given a key to the ladies room. In addition, Scafidi alleges that she was not asked to be on one of the school committees for the 2001–2002 school year. The plaintiff further complains of not be included in the 2002 yearbook and not being invited to attend the June 24, 2003 graduation ceremonies.

The District opposes the instant motion on the ground that amendment would be futile.

## II. DISCUSSION

### A. Legal Standard

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, denying leave to amend is appropriate when the proposed amendment would be

futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.2002) (citation omitted).

■ In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must liberally construe the claims, accepting all the factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). "The issue to consider is not whether the plaintiff will ultimately prevail but whether [he] is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (citation omitted). Dismissal is proper only if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999).

## B. Retaliation

■ To establish a prima facie case for retaliation under the ADA, a plaintiff must allege that: "(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir.1999). In opposing the instant motion, the District argues that none of the alleged acts give rise to the level of "adverse employment actions."

■ An adverse employment action is a "materially adverse change in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000). Such a change "must be more disruptive than a mere inconvenience or an alteration of job responsibilities" and "might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to particular situation." *Id.*

The Second Circuit has recognized that an adverse action is not limited to job termination or a reduction in wages but that "less flagrant reprisals by employers may indeed be adverse." *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir.1997) (citation omitted). Nevertheless, "not every unpleasant matter short of discharge or demotion" rises to the level of an adverse employment action. *Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 446 (2d Cir.1999). The Court's duty is to "pore over each case to determine whether the challenged employment action reaches the level of 'adverse.'" *Id.* (quoting *Wanamaker*, 108 F.3d at 466 (2d Cir.1997)).

### 1. Office Reassignments

■ The plaintiff claims that the District isolated her from her colleagues by unilaterally relocating her in June 2000 to a high school in a room within a social worker's office. She further claims that her new office could be accessed only by a long flight of stairs, which "forced" her to carry her testing supplies up a stairwell, aggravating her disability. Shortly thereafter, in September 2000, she claims that the defendant placed her in a storage room. One year later, Scafidi alleges that the defendant did not assign her to an office. Furthermore, the plaintiff claims that, although she was assigned extra work, unlike her similarly situated colleagues, she alone was denied access to the

clerical staff, hampering her ability to perform her duties.

In liberally construing Scafidi's claims, the Court finds that these allegations are sufficient to qualify as adverse employment actions to sustain a retaliation claim. *See Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir.1999) (recognizing that an "assignment to classroom on fifth floor which aggravated teacher's physical disabilities" may be considered an adverse employment action); *Pellei v. Int'l Planned Parenthood Federation/Western Hemisphere Region, Inc.*, 1999 WL 787753, at *12 (S.D.N.Y. Sept. 30, 1999), No. 1999 U.S. Dist. LEXIS 15338, at *35 (holding that the plaintiff's reassignment to a "small, poorly lit, isolated cubicle" was a sufficiently material adverse employment action). Thus, the Court grants the plaintiff's motion for leave to amend the complaint as to these allegations.

### 2. Excessive Scrutiny

█ The plaintiff also alleges that she was subject to "intensive scrutiny" and that "despite plaintiff successfully completing all of her position responsibilities, defendant would focus and evaluate plaintiff on the one task that could not be completed." While "close monitoring may cause an employee embarrassment or anxiety, such intangible consequences are not materially adverse alterations of employment conditions." *Castro v. New York City Bd. Of Educ. Personnel*, No. 96 Civ. 6314 (MBM), 1998 WL 108004, at *7 (S.D.N.Y. Mar. 12, 1998), 1998 U.S. Dist. LEXIS 2863, at *21 (citation omitted). To qualify as an adverse employment action, excessive scrutiny must be accompanied by unfavorable consequences. *See Bennett v. Watson Wyatt & Co.*, 136 F.Supp.2d 236, 248 (S.D.N.Y.2001). In this case, Scafidi fails to allege any facts to show that the excessive scrutiny alleged resulted in negative repercussions. As such, the plaintiff's allegation that she was subject to excessive scrutiny does not rise to the level of an adverse employment action. Thus, the plaintiff's motion for leave to amend her complaint based on excessive scrutiny is denied.

### 3. Negative Performance Evaluation

█ The plaintiff claims that she received a negative performance evaluation at the end of the 2001–2002 school year. "Negative evaluations, alone, without any accompanying adverse consequences are not adverse employment actions." *Pellei*, 1999 WL 787753, at *12 (S.D.N.Y. Sept. 30, 1999), 1999 U.S. Dist. LEXIS 15338, at *33; *see also Castro*, 1998 WL 108004, at *6 (stating that if an evaluation serves as a basis for "deprivation of a position or opportunity," then it becomes a materially adverse change). Here, nothing in the proposed amended complaint indicates that the negative evaluation deprived her of any position or opportunity. Indeed, the plaintiff does not allege any facts showing that she suffered any particular consequence as a result of her evaluation. As such, the Court denies leave to amend the complaint based on the negative evaluation.

### 4. Miscellaneous Complaints

█ The plaintiff also alleges that the defendant failed to provide her with a key to the ladies room; that she did not have a nameplate on her office door; that she was not put on a committee for the 2001–2002 school year; that she was excluded from the 2002 yearbook; and that she was not invited to the June 24, 2003 graduation ceremonies. Notably, "[r]etaliation laws are intended to protect employees from genuine workplace mistreatment and harassment; they are not intended to guarantee that employees will never suffer inconveniences or that their every desire will be fulfilled." The Court finds that

none of these alleged incidents of retaliation rise to the level of an adverse employment action. *See Ruggieri v. Harrington*, 146 F.Supp.2d 202, 217 (E.D.N.Y.2001) (finding that a professor's allegations that she was listed incorrectly in the school directory, that she had difficulties obtaining a parking permit, that she was not named department chair and that she was not assigned to teach summer courses were not adverse employment actions). *Id.* at 218. Thus, the plaintiff's motion for leave to amend based on these allegations is denied.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's motion for leave to amend her complaint to include claims for retaliation is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED,** that the plaintiff's retaliation claim is restricted to her allegations regarding her office relocations; and it is further

**ORDERED,** that additional fact discovery, if any, shall be completed by February 17, 2004; and it is further

**ORDERED,** that the parties are directed to appear for jury selection on February 17, 2004, at 9:00 A.M., at the United States District Court, Long Island Federal Courthouse, 1024 Federal Plaza, Central Islip, New York 11722, in Room 1020; and it is further.

**SO ORDERED.**