**Lillian GANCI, Mark Scott Leyse, Plaintiffs–Appellants,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Defendant– Appellee.**

**No. 05–2171–CV.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Todd C. Bank, Kew Gardens, N.Y., for Appellants.

Carol Noymer, New York City Transit Authority, for Martin B. Schnabel, Vice President and General Counsel, New York City Transit Authority, Brooklyn, N.Y., for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 21st day of December, two thousand and five.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

This putative class action, brought pursuant to 42 U.S.C. § 1983, alleges that the decision of Defendant New York City Transit Authority ("the NYCTA") to terminate the use of transit tokens on its subways and buses constituted a violation of the Takings Clause of the Fifth Amendment. The NYCTA has in place a refund procedure that provides tokenholders with full reimbursement for their discontinued tokens. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

Assuming, *arguendo*, that subway tokens constitute constitutionally-cognizable property and that their discontinuation might amount to a taking—positions which, for reasons artfully explored by the district court, are highly questionable—the NYCTA provided 100% compensation for the tokens' value. The Fifth Amendment requires that the government provide a "reasonable, certain and adequate provision for obtaining compensation" at the time of the taking. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 379–80 (2d Cir.1995) (quoting *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)). Appellee's refund procedure, under which tokenholders seeking a refund may have to incur travel expenses of up to $4 to visit the NYCTA's office, easily satisfies that standard.

Having considered each of Appellants' remaining arguments and finding them to be without merit, we AFFIRM the judgment of the district court.