Nicholas **SANZO**, Plaintiff,

v.

**UNIONDALE UNION FREE SCHOOL DISTRICT, Grand Avenue School,** Defendants.

No. 02 CV 893(ADS)(MLO).

United States District Court, E.D. New York.

Nov. 1, 2002.

Leeds, Morelli & Brown, P.C. by David Nevins, Esq., Carle Place, NY, for Plaintiff.

Rains & Pogrebin, P.C. by Howard Miller, Esq., Mineola, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On February 6, 2002, Nicholas Sanzo ("Sanzo" or the "plaintiff") filed a complaint against his former employer, Uniondale Union Free School District ("District") and Grand Avenue School ("School") (collectively, the "defendants") alleging that the defendants terminated him because of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and the New York Human Rights Law, New York Executive Law ("NYHRL") § 290 *et seq.*

Presently before the Court is the defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). The defendants' motion focuses entirely on the sufficiency of the plaintiff's complaint under the ADA. Therefore, although the plaintiff must still properly plead his claim under the NYHRL, this decision will not address the adequacy of his state law claim.

## I. BACKGROUND

The following facts are taken from Sanzo's amended complaint dated April 10, 2002, which the Court takes to be true. Beginning in or about 1998, the plaintiff began having trouble staying awake during the day. In August 1998, the plaintiff was hired by the District as Head Custodian for the School with the responsibilities to clean the entire school building, perform maintenance and supervise four custodians. While performing his custodial duties, he "uncontrollably" fell asleep. As a result, he visited a doctor who treated him for fatigue. Soon thereafter, he reported to the School's principal, Juanita Bryant Bell, that he was having difficulty staying awake during the day and that he was under the care of his doctor. Although he notified the School's principal of his sleeping problem, the principal nevertheless disciplined him for falling asleep at work.

In or about May 1999, the School notified him that he would be examined by the School's doctor and that he would be contacted to set up an appointment. According to the plaintiff, because no one contacted him, he was never examined by the School's doctor.

The District's superintendent, Gene Levenstein, contacted the plaintiff's own doctor to inquire about his sleeping problem. The doctor reported to the superintendent that his sleeping problem was caused by a medical condition but that he had not yet diagnosed the specific condition. The doctor further informed the superintendent that despite the plaintiff's condition, he was still capable of performing his job.

After the School learned of his sleeping condition, the defendants began treating him differently. In particular, the plaintiff

contends that he was written up for petty infractions while other custodians were not. After he received several written discipline notices, he was suspended from work without pay for a month. On April 4, 2001, the District terminated the plaintiff.

In an affidavit dated May 16, 2002, the plaintiff claims that he attended a sleep clinic study at Winthrop University Hospital at the beginning of March 2001. On or about April 14, 2001, the plaintiff was diagnosed with narcolepsy and sleep apnea. The plaintiff asserts that he was formally diagnosed with these sleeping disorders during the same month as his termination.

According to the plaintiff, these disorders caused him to involuntarily fall asleep several times a day and substantially limited his major life activities of eating, standing, talking, driving and showering. In order to sleep at night, the plaintiff claims that a breathing machine must be attached to his mouth. The plaintiff alleges that although his disability substantially limited his ability to work, he was able to perform the essential functions of his job such as sweeping, mopping, dusting, emptying garbage cans, wiping off cafeteria tables, cleaning bathrooms, performing maintenance around the school grounds and supervising his subordinate employees. However, the plaintiff asserts that he could perform these duties for only a short period of time.

On or about July 12, 2001, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and was issued a right to sue letter on December 19, 2001. On February 6, 2002, the plaintiff commenced this action. On April 11, 2002, the plaintiff filed an amended complaint.

The defendants move to dismiss the plaintiff's complaint under the ADA pursuant to Rule 12(b)(6) on the grounds that, (1) the amended complaint fails to state that the plaintiff is "disabled" or was "regarded as" disabled, and (2) the defendants did not have notice of his disability.

## II. DISCUSSION

### A. The Standard under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *See King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997).

The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *See Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). Indeed, it is not the Court's function to weigh the evidence that might be presented at trial; instead, the Court must merely determine whether the complaint itself is legally sufficient. *Id.*

### B. The ADA

The ADA provides that no covered entity "shall discriminate against a qualified individual with a disability because of the

disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). Prior to February 2002, courts in this circuit, when presented with a Rule 12(b)(6) motion, required an ADA plaintiff to bear the initial burden of establishing a prima facie case of discrimination. *See Sacay v. Research Found. of the City Univ. of N. Y.*, 44 F.Supp.2d 496, 500 (E.D.N.Y.1999). To meet this burden, a plaintiff was required to show that: "(1) her employer is subject to the ADA; (2) she suffers from a disability within the meaning of the ADA; (3) she could perform the essential functions of her job with or without reasonable accommodations; and (4) she was fired because of her disability." *Ryan v. Grae & Rybicki,* P.C., 135 F.3d 867, 869–70 (2d Cir.1998) (citations omitted).

■ The Supreme Court recently overturned Second Circuit precedent requiring plaintiffs to plead facts constituting a prima facie case of discrimination in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 507, 122 S.Ct. 992, 994, 152 L.Ed.2d 1 (2002). To survive a Rule 12(b)(6) motion to dismiss, the Supreme Court held that a complaint need not plead facts sufficient to make out a prima facie case and need only provide a short and plain statement of the claims and the grounds on which they rest. *Id.; see* Fed.R.Civ.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Thus, a complaint is sufficient if it gives " 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Id.*

Here, the defendants attack the sufficiency of the plaintiff's amended complaint on the grounds that the amended complaint does not establish a prima facie case of discrimination under the ADA. In particular, the defendants argue, among other things, that the complaint does not adequately plead that the plaintiff suffers from a "disability" or was even "regarded as" disabled under the ADA and that the plaintiff has not demonstrated that his disability substantially limited one or more of his major life activities. Furthermore, the defendants assert that the complaint fails to allege that the defendants had notice of his disability because the plaintiff was diagnosed with narcolepsy and sleep apnea several months after he was terminated.

■ As discussed above, the Supreme Court has rejected this type of heightened pleading. *Swierkiewicz,* 534 U.S. at 507, 122 S.Ct. at 994. In the complaint, the plaintiff alleges that he fell asleep involuntarily several times a day while at work. In addition, the complaint describes that although the plaintiff informed the School principal of his sleeping condition, the principal nevertheless disciplined the plaintiff for falling asleep. The complaint further alleges that the defendants disciplined him but not the other custodians for petty infractions because of his disability.

Furthermore, the complaint states that the School superintendent contacted the plaintiff's doctor who informed the School that the plaintiff was falling asleep due to a medical condition. The complaint also alleges that he was terminated because of his disability and sufficiently specifies the relevant people involved in his termination.

The plaintiff explains that he attended a sleep clinic while employed with the defendants and that he was formally diagnosed with narcolepsy and sleep apnea in the same month of his termination. The complaint states that the effects of his disability permeated every aspect of his life which substantially limited his major life activities of eating, standing, talking, driving and showering.

In light of the Supreme Court's holding in *Swierkiewicz*, the Court finds that these allegations give the defendants notice of the plaintiff's claims and the grounds upon which they rest. Thus, the plaintiff has stated a claim upon which relief can be granted under the ADA. Accordingly, the defendants' motion to dismiss is denied.

### III. CONCLUSIONS

Based on the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the claim for discriminatory discharge under the ADA is **DENIED;** and it is further

**ORDERED,** that the defendants are to serve their answer within twenty days of the date of this decision; and it is further

**ORDERED,** that the parties are directed to report to United States Judge Magistrate Michael L. Orenstein to set a schedule for discovery.

**SO ORDERED.**