Jose Adolfo **CARBAJAL**, Plaintiff,

v.

**COUNTY OF NASSAU, Nassau County District Attorney's Office, Nassau County Correctional Center, Nassau County Sheriff's Department, Nassau County Police Department, Village of Hempstead, Village of Hempstead Police Department, Assistant District Attorney's Kevin Higgins, Esq. and Bruce Ruinsky, Esq., Detective Salvatore Mancuso in his Official and individual capacity, Detectives and "Officers John Does" 1–10, in their official and individual capacities, and "John Does," M.D. 1–5, in their official and individual capacities, Defendants.**

No. 02CV4270 (ADS)(ETB).

United States District Court,
E.D. New York.

July 12, 2003.

**418**

Frederick K. Brewington, Hempstead, NY, for Plaintiff.

Lorna B. Goodman, Nassau County Attorney by Assistant County Attorney Lauren Seides Chartan, Mineola, NY, for Defendants County of Nassau, Nassau County District Attorney's Office, Nassau County Correctional Center, Nassau County Sheriff's Department, Nassau County Police Department, Assistant District Attorneys Kevin Higgins and Bruce Ruinsky.

Montfort, Healy, McGuire & Salley, Garden City, NY (Peter J. Calandrella, of Counsel), for Defendants Village of Hempstead, Village of Hempstead Police Department and Detective Salvatore Mancuso.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Jose Adolfo Carbajal ("Carbajal" or the "plaintiff") brings this action against the defendants the County of Nassau ("Nassau County"), the Nassau County District Attorney's Office (the "District Attorney's Office"), the Nassau County Correctional Center (the "Correctional Center"), the Nassau County Sheriff's Department (the "Sheriff's Department"), the Nassau County Police Department, Assistant District Attorney Kevin Higgins ("Higgins"), Assistant District Attorney Bruce Ruinsky ("Ruinsky") (collectively, the "Nassau County Defendants") and the Village of Hempstead ("Hempstead Village"), the Village of Hempstead Police Department (the "Hempstead Police Department"), Hempstead Police Detective Salvatore Mancuso ("Mancuso") (collectively, the "Hempstead Defendants") and certain John Does alleging that they falsely arrested and imprisoned him in violation of his constitutional rights under 42 U.S.C. §§ 1983, 1985 and 1986. Presently before the Court is a motion by the Nassau County Defendants to dismiss all of the claims in the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

## I. BACKGROUND

The facts are taken from the complaint unless otherwise noted. The plaintiff is an alien from El Salvador residing in New York State. Nassau County is a municipality in New York State. The District Attorney's Office, the Correctional Center, the Sheriff's Department and the Nassau County Police Department are agencies of Nassau County. Hempstead Village is a municipality in New York State. The Hempstead Police Department is an agency of Hempstead Village. Higgins and Ruinsky are assistant district attorneys in the District Attorney's Office. Mancuso is a detective in the Hempstead Police Department. John Does 1–10 are police officers employed by Nassau County or the Hempstead Village. John Does M.D. 1–5 are medical doctors employed by Nassau County.

On March 16, 1999, at 264 Stewart Avenue in Hempstead, New York, the plaintiff's sister's home, an individual named "Catracho" sold a confidential informant with the Hempstead Police Department freebase cocaine in exchange for $20 (the "Drug Sale"). At the time of the alleged sale, the plaintiff was working for R & A,

which is a roofing and siding company located at 459 Merrick Road, Lynbrook, New York. On October 22, 1999, Mancuso and an unidentified Hempstead police officer arrested the plaintiff for the Drug Sale and charged him with violations of New York State Penal Law §§ 220.16(1) and 220.39(1). Mancuso and the unidentified police officer then took the plaintiff to the Hempstead Police Station.

At the Hempstead Police Station, unidentified police officers strip-searched the plaintiff; held him in the basement for approximately 1 hour; and subjected him to abusive language, gestures, taunts, jeers and laughter. Mancuso and other unidentified police officers then showed the plaintiff a video of the Drug Sale and told him that he was the person in the video. The plaintiff denied that he was in the video but the officers ignored him and did not conduct "the most rudimentary investigation" in order to verify his claims. Unidentified police officers then showed the plaintiff a photograph of Catracho. The plaintiff told them that the person in the photograph was not him. These police officer again did not conduct "the most rudimentary investigation" as to the plaintiff's identification. Later that night, unidentified police officers transported the plaintiff to the Nassau County Police Detention Center, kept him there overnight and took him to court the next day.

On October 23, 1999, the plaintiff was arraigned on a felony complaint. At his arraignment, the District Attorney's Office requested that bail be set "at least at the $50,000 level". The plaintiff remained in jail until January 3, 2000 allegedly because the defendants continuously failed to investigate his identity, his alibi and his numerous protestations of innocence. During his incarceration, the plaintiff suffered from sleeplessness, headaches, anxiety, insomnia and emotional distress. On two occasions, the plaintiff complained of these ailments but unidentified doctors at the "Nassau County Jail" failed to prescribe the proper medications or treatment. By letter dated May 22, 2000, Ruinsky who is the Chief of Felony Screening in the District Attorney's Office advised the plaintiff that all charges against him had been dismissed after the case had been presented to the grand jury.

On July 30, 2002, the plaintiff filed this complaint against the defendants. The complaint contains six causes of action. The first claim is for false arrest, malicious prosecution and deliberate indifference to medical treatment against the defendants in violation of 42 U.S.C. § 1983. The second claim is for municipal liability against Nassau County and Hempstead Village in violation of 42 U.S.C. § 1983. The third claim is for *respondeat superior* liability against Nassau County, the Sheriff's Department, the Nassau County Police Department, Hempstead Village and the Hempstead Police Department in violation of 42 U.S.C. § 1983. The fourth claim is that Mancuso and the other unidentified police officers conspired to falsely arrest and imprison the plaintiff in violation of 42 U.S.C. § 1985. The fifth claim is that the defendants failed to prevent the false arrest and wrongful imprisonment of the plaintiff in violation of 42 U.S.C. § 1986. The sixth claim is for punitive damages against the defendants.

The Nassau County Defendants now move to dismiss the complaint pursuant to Rule 12(b)(6). The plaintiff opposes the motion in general but agrees to dismiss the fifth claim without prejudice.

## II. DISCUSSION

In a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court should dismiss the compliant only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her

claim which would entitle her to relief. *Caiola v. Citibank, N.A., N.Y.*, 295 F.3d 312, 321 (2d Cir.2002). A court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir.1999). The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support her claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995). Indeed, it is not a court's function to weigh the evidence that might be presented at trial; instead, a court must merely determine whether the complaint itself is legally sufficient. *See id.*

## A. The First Claim

42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

■ To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993).

It is undisputed that the Nassau County Defendants acted under color of state law. As such, the first element is not at issue. However, the Nassau County Defendants argue that the plaintiff has failed to allege sufficient facts to satisfy the second element. The Court will address the sufficiency of the allegations against the Nassau County Defendants separately.

### 1. The District Attorney's Office and the Assistant District Attorneys

The complaint alleges a claim of malicious prosecution against the District Attorney's Office, Higgins and Ruinsky. As such, the Court will evaluate their liability under their official and individual capacities.

### a. Official Capacity

■ Where, as here, the plaintiff seeks damages against the District Attorney's Office and assistant district attorneys in their official capacity for specific actions related to the plaintiff's prosecution, the Eleventh Amendment to the United States Constitution shields them from liability. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.1997); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir.1993). Accordingly, the malicious prosecution claim against the District Attorney's Office, Higgins and Ruinsky in their official capacities is dismissed.

### b. Individual Capacity

■ It is well-settled that " 'prosecutors are absolutely immune from liability' [in their individual capacity] under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir.1995) (quoting *Burns v. Reed*, 500 U.S. 478, 486,

111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)). The absolute immunity defense depends on " 'the nature of the function performed, not [on] the identity of the actor who performed it.' " *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988). "Such official is also immune for conduct in preparing for those functions: for example, evaluating and organizing evidence for presentation at trial or to a grand jury, or determining which offenses are to be charged." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir.1995) (citations omitted).

██ On the other hand, prosecutors are not entitled to absolute immunity for actions outside their role as an advocate. *Dory v. Ryan*, 25 F.3d 81, 82 (2d Cir.1994); *Barbera v. Smith*, 836 F.2d 96, 100 (2d Cir.1987). "Thus, when a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest—that is, when he performs functions normally associated with a police investigation—he loses his absolute protection from liability." *Richards v. City of New York*, No. 97–7990, 1998 WL 567842, at *2 (S.D.N.Y.1998) (citing *Burns*, 500 U.S. at 493, 111 S.Ct. at 1943).

██ Here, the complaint alleges that the District Attorney's Office requested bail in the sum of $50,000; the plaintiff remained in jail because the defendants continuously failed to investigate his identity, his alibi and his numerous protestations of innocence; and Ruinsky advised the plaintiff that the grand jury dismissed the charges against him. All of these allegations arise out of the traditional functions of the District Attorney's Office, namely the determination of whether to initiate a prosecution, and if so on what charges. Accordingly, Higgins and Ruinsky are entitled to absolute immunity.

Even if Higgins and Ruinsky were not entitled to absolute immunity, the claim of malicious prosecution against them would be dismissed because the complaint does not sufficiently allege their personal involvement in the constitutional violation. *See Snider v. Dylag*, 188 F.3d 51, 54 (2d Cir.1999) ("[P]ersonal involvement of [each] defendant in the conduct that allegedly violates the plaintiff's constitutional rights is generally a prerequisite for liability under a § 1983 claim."). In that regard, there are no factual allegations against Higgins; he appears only in the caption of the complaint. And, the only factual allegation against Ruinsky is that he advised the plaintiff that all charges against him had been dismissed. Accordingly, the complaint fails to allege sufficient personal involvement by Higgins and Ruinsky.

Based on the foregoing, the malicious prosecution claim against the District Attorney's Office, Higgins and Ruinsky is dismissed.

**2. The Correctional Center**

██ The complaint alleges a deliberate indifference to medical treatment claim against the Correctional Center. However, it does not allege any personal involvement by any member of the Correctional Center. Accordingly, the deliberate indifference claim against the Correctional Center is dismissed. *See Barbera*, 836 F.2d at 99 (holding that the complaint failed to plead a cognizable claim where it did not allege personal involvement by the defendant supervisor).

**3. The Sheriff's Department**

The complaint alleges a deliberate indifference to medical treatment claim against the Sheriff's Department. But, it does not

allege any facts against the Sheriff's Department to support this claim. Moreover, it does not allege any personal involvement by any member of the Sheriff's Department. Accordingly, the deliberate indifference claim against the Sheriff's Department is dismissed. *See Barbera,* 836 F.2d at 99.

### 4. The Nassau County Police Department

■ It is unclear from the complaint what, if any, claims are alleged against the Nassau County Police Department. Also, it does not allege any facts against the department. Rather, it alleges that the Hempstead Police Department arrested the plaintiff and processed his arrest. Accordingly, all claims against the Nassau County Police Department, if any, are dismissed for failure to allege sufficient personal involvement, *see Barbera,* 836 F.2d at 99, and for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, *see* Fed.R.Civ.P. 8(a)(2) (stating that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

### B. The Second Claim

■ In seeking to establish municipal liability for a constitutional violation, the plaintiff must show that the unconstitutional act resulted from a policy, custom or practice of the municipality. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978); *DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir. 1998); *Vann v. City of N.Y.,* 72 F.3d 1040, 1049 (2d Cir.1995). The plaintiff may prove a municipal custom, policy or practice in several ways. For example, proof that a municipal official with final policy-making authority directly committed or commanded the constitutional violation, *Monell,* 436 U.S. at 690, 98 S.Ct. at 2036; *Jeffes v. Barnes,* 208 F.3d 49, 61 (2d Cir. 2000), proof that a policy maker indirectly

caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may fairly be said to represent official policy, *Monell,* 436 U.S. at 694, 98 S.Ct. at 2038; *Jeffes,* 208 F.3d at 61, and proof that a municipal policymaker failed to adequately train their subordinates, if such failure amounts to "deliberate indifference" to the rights of the individuals who interact with the municipal employees, *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989); *DeCarlo,* 141 F.3d at 61–62; *Ricciuti v. N.Y. City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991).

■ Deliberate indifference can be proven with evidence that the municipality was given notice of the possibility that its employees were violating citizens' constitutional rights, and failed to make any meaningful investigation into the charges or failed to discipline subordinates who violated civil rights. *DeCarlo,* 141 F.3d at 61; *Vann,* 72 F.3d at 1049; *Ricciuti,* 941 F.2d at 123. On the other hand, the plaintiff must produce some evidence from which it can be inferred that the municipality has such a custom or practice. *Dwares v. City of N.Y.,* 985 F.2d 94, 100 (2d Cir.1993); *Walker v. City of N.Y.,* 974 F.2d 293, 300 (2d Cir.1992). Mere conclusory allegations are insufficient when unsupported by facts showing that policymakers were aware of the constitutional violations and failed to properly respond. *Dwares,* 985 F.2d at 100.

The plaintiff alleges that Nassau County and Hempstead Village permitted a pattern or practice of unjustified, unreasonable and illegal abuse and arrest of Black and Hispanic individuals by police officers and wrongfully detained them. In particular, the plaintiff alleges the following misconduct:

[a] Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officer's actions regardless of whether such actions are justified; [b] Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident; [c] Police officers investigating unwarranted incidents systematically fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved; [d] Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed; [e] Reports in brutality cases are not reviewed for accuracy by supervisory officers [and][c]onclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information; [f] The County, County Police, County Sheriff, Nassau DA, Village, Village Police, Salvatore Mancuso, 'John Does' 1–10 hastily accepts the polices' above-as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

Complaint ¶ 56.

With respect to Nassau County, there are no factual allegations concerning police misconduct. Rather, the allegations involving police misconduct are against Hempstead Village and members of its police force who arrested the plaintiff. As such, the above-mentioned allegations are conclusory and insufficient against Nassau County. Accordingly, the motion to dismiss the claim of municipal liability against Nassau County is granted.

## C. The Third Claim

■ The claim against Nassau County, the Sheriff's Department, the Nassau County Police Department, Hempstead Village and the Hempstead Police Department under Section 1983 based on a theory of *respondeat superior* is without merit. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 400, 117 S.Ct. 1382, 1386, 137 L.Ed.2d 626 (1997) (holding that a municipality may not be held liable under Section 1983 on a theory of *respondeat superior*). Relying on Justice Breyer's dissent in *Brown*, the plaintiff urges the Court to reconsider the soundness of precluding liability against a municipality under Section 1983 on a theory of *respondeat superior*. Adhering to well-settled precedent, the Court declines to depart from the holding in *Brown*. Accordingly, the motion to dismiss the claim under Section 1983 on a theory of *respondeat superior* is granted.

## D. The Fourth Claim

■ As to the conspiracy claim, the complaint does not mention the Nassau County Defendants. Rather, that claim is against Mancuso and John Doe detectives and police officers. Accordingly, the motion to dismiss the claim of conspiracy under Section 1985 against the Nassau County Defendants is granted.

## E. The Fifth Claim

The plaintiff agrees to voluntarily dismiss the fifth claim. Accordingly, the fifth claim is dismissed.

## F. The Sixth Claim

■ The Nassau County Defendants move to dismiss the plaintiff's claim for punitive damages against them. In response, the plaintiff voluntarily withdraws his punitive damages claim against Nassau County, the Nassau County Police Depart-

ment, the Sheriff's Department and the District Attorney's Office. However, the plaintiff seeks to maintain his claim for punitive damages against Mancuso in his individual capacity and the John Doe detectives and police officers and medical doctors in their official and individual capacities. In the first instance, the Court dismisses the claim for punitive damages against the municipalities. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981) (holding that municipalities are immune from punitive damages under Section 1983). In addition, the Court dismisses the claim for punitive damages against the individual defendants because there is no separate claim for punitive damages. Rather, the plaintiff may be entitled to an award of punitive damages against the remaining individual defendants as part of the damages in the remaining claims. *See Lee v. Edwards,* 101 F.3d 805, 812 (2d Cir.1996) (noting the plaintiff's award of punitive damages).

In sum, all of the claims against the Nassau County Defendants are dismissed. The remaining counts in the complaint are: (1) false arrest, malicious prosecution and deliberate indifference to medical treatment against the remaining defendants under Section 1983; (2) municipal liability against the Village of Hempstead under Section 1983; and (3) conspiracy against Mancuso and the John Doe detectives and police officers under Section 1985. The rest of the claims are dismissed.

### G. Leave to Amend

The plaintiff requests leave to amend any deficient claims in the complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely granted when justice so requires." *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."). The Court grants the plaintiff leave to amend his complaint within 30 days from the date of this order. The Court reminds the plaintiff not to merely reiterate the conclusory allegations stated in the complaint. Failure to adhere to this direction may result in sanctions.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss all of the claims against the Nassau County Defendants is **GRANTED**; and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption as follows:

Jose Adolfo Carbajal, Plaintiff,

against

Village of Hempstead, Village of Hempstead Police Department, Detective Salvatore Mancuso in his official and individual capacity, Detectives and Officer "John Does" 1–10, in their official and individual capacities, and "John Does" M.D., 1–5, in their official and individual capacities, Defendants.

and it is further

**ORDERED,** that all of the claims in the complaint are dismissed except: (1) false arrest, malicious prosecution and deliberate indifference to medical treatment against the remaining defendants under 42 U.S.C. § 1983; (2) municipal liability against the Village of Hempstead under 42 U.S.C. § 1983; and (3) conspiracy against Mancuso and the John Doe detectives and police officers under 42 U.S.C. § 1985; and it is further

**ORDERED,** that the plaintiff may file an amended complaint within 30 days of the date of this order; and it is further

**ORDERED,** that the parties are directed to contact United States Magistrate

Judge E. Thomas Boyle to complete discovery.

**SO ORDERED.**