**ARRIGONI ENTERPRISES, LLC, Plaintiff**

v.

**TOWN OF DURHAM, et al., Defendants.**

No. 3:08CV520.

United States District Court, D. Connecticut.

Signed May 8, 2014.

Benjamin J. Berger, Updike, Kelly & Spellacy, PC, Hartford, CT, Richard D. Carella, Updike, Kelly & Spellacy, P.C., Middletown, CT, for Plaintiff.

Emily E. Cosentino, Katherine E. Rule, Thomas R. Gerarde, Howd & Ludorf, Kenneth R. Slater, Jr., Halloran & Sage, Hartford, CT, Kevin W. Hadfield, Manion Gaynor & Manning, LLP, Boston, MA, for Defendants.

## ORDER

JAMES G. CARR, Senior District Judge.

This is an action by plaintiff Arrigoni Enterprises, LLC (Arrigoni) which sought a variance from defendants the Town of Durham, Connecticut, the Durham Planing & Zoning Commission, and the Durham Zoning Board of Appeals (collectively, the defendants or Town) to excavate, crush, and remove rock for the development of three commercial buildings. The Town denied its application on the basis of a local zoning regulation.

Pending is Arrigoni's post-trial motion seeking declaratory judgment that the zoning regulation be repealed for vagueness (Doc. 173).

For the reasons that follow, I deny Arrigoni's motion.

### Background

Arrigoni, a Connecticut company, submitted an application to the Town to develop its property. The three buildings Arrigoni wanted to erect were to be located within the Town's Design Development

District (DDD) zone. After receiving the application, defendants instructed plaintiff to apply for an excavation permit pursuant to § 12.05 of the Durham Zoning Regulations (the Section).

Arrigoni then prepared and submitted an excavation plan. The plan included a proposal to process 73,000 cubic yards of excavated rock by crushing it. Defendants denied the application because § 12.05 does not permit the crushing of rock in the DDD zone.

The key provision of that Section is Part 12.05.03.01.03.B which states, "No washing, crushing or other forms of processing earth products shall be conducted upon the premises unless located within a heavy industrial (HID) zone and then if must not be located within 100′ of any property or street line." [1] (Doc. 68–5, at 6).

Plaintiff then sued defendants under 42 U.S.C. § 1983 claiming the Section violates the Equal Protection Clause of the U.S. Constitution and is also unconstitutionally vague. In January, 2013, the parties went to trial on plaintiff's § 1983 and equal protection claims. A jury returned a verdict for the defendants. The last issue in this case is plaintiff's vagueness claim.

### Discussion

Arrigoni makes three general arguments in its declaratory judgment motion. First, it contends that declaratory relief is appropriate in this matter. Second, it argues § 12.05 is vague because it fails to give adequate notice as to prohibited activities. Finally, it contends that the Section is vague because it lacks enforcement standards.

### A. Declaratory Judgment

Arrigoni argues that declaratory relief is appropriate because a judgment will clarify and settle a substantial controversy. Specifically, plaintiff seeks to develop its property through excavation and § 12.05 will continue to give rise to controversy unless it is adjudicated.

Defendants contend that plaintiff's request for declaratory relief fails as a matter of law because plaintiff does not assert any viable constitutional claims. Defendants argue that plaintiff's due process vagueness claim is merely the same equal protection claim that was resolved at trial. Defendants contend that the vagueness challenge should only address how the regulation applies to the plaintiff, not how it applied to other companies.

■ The Declaratory Judgment Act, 28 U.S.C. § 2201(a), gives me broad discretion to determine whether I should exercise jurisdiction over a declaratory action. *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir.2003). Here, a declaratory judgment will serve a useful purpose in settling plaintiff's vagueness claim as a jury did not decide this issue. However, to the extent that plaintiff repeats its equal protection claim by comparing the Town's application of the regulation to other persons, I decline to exercise jurisdiction. The trial jury already disposed of plaintiff's equal protection claim.

Thus, my judgment is limited to plaintiff's vagueness facially and as applied to Arrigoni's claim.

### B. Vagueness of § 12.05

■ Two independent grounds exist for finding a statute impermissibly vague.

The first arises if the statute "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Hill v. Colorado*, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000). The second arises when the statute "authorizes or even en-

---

1. Earth products include rocks.

courages arbitrary and discriminatory enforcement." *Id.*

The degree of vagueness tolerated in a statute depends on the nature and purpose of the legislation. "[E]conomic regulations are subject to a relaxed vagueness test, laws with criminal penalties to a stricter one, and laws that might infringe constitutional rights to the strictest of all." *Rubin v. Garvin,* 544 F.3d 461, 467 (2d Cir.2008) (citing *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498–99, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)). Importantly, statutes need not achieve " 'meticulous specificity' at the expense of 'flexibility and reasonable breadth.' " *Id.* (quoting *Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)).

Arrigoni asserts § 12.05 is unconstitutionally vague both as applied to his case and on its face. Because I must "examine the complainant's conduct before analyzing other hypothetical applications of the law," *Vill. of Hoffman Estates, supra,* 455 U.S. at 495, 102 S.Ct. 1186, I first turn to plaintiff's as-applied vagueness challenge.

### 1. Vagueness as Applied

To assess an as-applied vagueness challenge, I "first determine whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provides explicit standards for those who apply it." *Rubin, supra,* 544 F.3d at 468.

Arrigoni argues that it had no notice that the Section prohibited the excavation, crushing, and removal of 70,000 cubic yards of rock when such activity was part of site development of 30,000 square feet.

Arrigoni points to the Town's approval of another company's excavation and crushing of 30,000 cubic yards of rock as evidence that the Town enforces the statute arbitrarily.

Defendants argue that § 12.05 is absolutely clear and gives adequate notice that rock crushing is prohibited in the DDD zone. Pointing to the regulation's unambiguous term ("No ... crushing or other forms of processing earth products shall be conducted"), the defendants contend the regulation, as applied to plaintiff's application, gave plaintiff ample notice that it could not crush rock in the DDD zone.

Further, defendants contend the regulation does not allow for discretionary enforcement because there is a clear standard of enforcement—rock crushing cannot occur in the DDD zone. Thus, defendants argue the regulation does not encourage or authorize arbitrary enforcement because there is no room for interpretation. There is a defined limitation for earth processing: no crushing is allowed.

I find defendants' arguments persuasive. The regulation is absolutely clear in its prohibition of crushing rocks. It explicitly says that activity is not allowed. It makes no exception for the DDD zone. There is no wiggle room here and a person of ordinary intelligence reading the regulation has adequate notice of this prohibition.

Further, as defendants argue, the enforcement standard for this prohibition leaves no room for interpretation. All crushing of earth materials is prohibited. Thus, the regulation is simple to enforce and provides a standard so that the defendants will not arbitrarily enforce the regulation.[2]

---

**2.** To the extent that standards for enforcement relates to the actual process for granting the variance, neither side points to those provisions or indicates whether they exist. Plaintiff thus fails to meet its burden of showing: 1) what the standards are; and 2) that they

### 2. Facial Vagueness

█ A plaintiff may challenge a statute on the basis of facial vagueness if it: "1) lacks standards to the degree that it invites selective or arbitrary enforcement; 2) intrudes on First Amendment or other constitutional rights; or 3) specifies no standard of conduct, such that 'men of common intelligence must necessarily guess at its meaning.'" *Rubin,* 544 F.3d at 470 (internal citations omitted).

█ Arrigoni's arguments regarding facial vagueness also relate to notice and enforcement.[3] Arrigoni contends that the regulation requires an application to obtain a special permit for excavations over 1,000 cubic yards but does not set a prohibited maximum quantity. Further, Arrigoni argues that the regulation fails to differentiate the processing of earth material for commercial purposes as opposed to processing as a necessary component of site preparation. Arrigoni thus contends that the regulation, on its face, fails to provide notice for what conduct is allowed.

In terms of enforcement, Arrigoni contends that the lack of differentiation between excavation for commercial purposes rather than site development purposes has resulted in defendants applying the regulation arbitrarily for many years. It points to other persons or companies who have successfully crushed rocks and thus argues that § 12.05 lacks specificity as to what it prohibits.

Defendants maintain that the regulation's plain meaning is absolutely clear and thus adequate notice and enforcement standards exist.

Again, I find Arrigoni's arguments are without merit.

First, as a general rule, courts in the Second Circuit disfavor facial vagueness challenges that do not implicate the First Amendment. *See Berman v. City of New York,* 895 F.Supp.2d 453, 502 (E.D.N.Y. 2012) (quoting *Genco Importing, Inc. v. City of New York,* 552 F.Supp.2d 371, 384 (S.D.N.Y.2008)). The Circuit imposes a strict standard stating that facial vagueness challenges "may be presented only when 'no set of circumstances exists under which the law would be valid.'" *Id.* (citing *Dickerson v. Napolitano,* 604 F.3d 732, 743–744 (2d Cir.2010)). Here, Arrigoni has not argued or demonstrated that there are no set of circumstances under which the regulation may be valid. Moreover, as I explained above, the regulation is valid as applied to plaintiff.

Additionally, I find that the regulation meets the notice and enforcement requirements. It is definitive as to what it prohibited. The plain meaning of the statute leaves no room for ambiguity—rock crushing is not allowed. In terms of enforcement, the regulation makes no distinction between excavation for commercial purposes and site development purposes because, again, no crushing is allowed in the DDD zone. No distinction is needed in this case.

Moreover, to the extent that there is ambiguity (and I find none) in the regulation or room for interpretation during enforcement, I find that the regulation, economic in nature, survives the relaxed vagueness standard. *See Rubin, supra,* 544 F.3d at 467. Regulators need and are given substantial leeway in formulating and enforcing economic regulations.

### Conclusion

It is, accordingly,

---

fail to provide adequate guidance for making decisions as to whether to grant a variance or not.

**3.** Arrigoni does not argue that the regulation intrudes on First Amendment rights.

ORDERED THAT plaintiff's motion for declaratory judgment (Doc. 173) be, and the same hereby is denied.

So ordered.