14-2415-cv
*Arrigoni Enterprises, LLC v. Town of Durham, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand fifteen.

PRESENT:
    GUIDO CALABRESI,
    BARRINGTON D. PARKER,
    SUSAN L. CARNEY,
            *Circuit Judges.*

_____

ARRIGONI ENTERPRISES, LLC,

        *Plaintiff-Appellant*,

            v.                                                      No. 14-2415-cv

TOWN OF DURHAM, ET AL.,

        *Defendants-Appellees*.

_____

FOR APPELLANT:                         J. DAVID BREEMER (Jennifer F.
                                       Thompson, *on the brief*), Pacific Legal
                                       Foundation, Sacramento, CA; Richard D.
                                       Carella, Updike, Kelly & Spellacy, P.C.,
                                       Hartford, CT.

FOR APPELLEES:                                    THOMAS R. GERARDE (Beatrice S. Jordan, *on the brief*), Howd & Ludorf, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.* and Carr, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 6, 2014, is **AFFIRMED**.

Plaintiff Arrigoni Enterprises, LLC ("Arrigoni") brings this action against Defendants the Town of Durham, the Durham Planning and Zoning Commission ("PZC"), and the Durham Zoning Board of Appeals ("ZBA"), alleging that Defendants' denial of Arrigoni's applications for land development permits constituted an unconstitutional inverse condemnation of Arrigoni's property. Arrigoni further argues that, by denying its permit applications, Defendants violated its rights to substantive due process and equal protection. Finally, Arrigoni argues that § 12.05 of the Town of Durham's zoning regulations is unconstitutionally vague, both facially and as applied to Arrigoni. Arrigoni appeals the District Court's dismissal of its inverse condemnation claim, the District Court's grant of summary judgment on its substantive due process claim, the judgment entered after a jury trial on its equal protection claim, and the District Court's denial of Arrigoni's post-trial declaratory judgment request on its vagueness claim. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Upon *de novo* review, *see Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014), we conclude that the District Court properly dismissed Arrigoni's inverse condemnation claim as unripe. We affirm this ruling substantially for the reasons relied on by the District Court in its well-reasoned opinion. *See Arrigoni Enters., LLC v. Town of Durham*, 606 F. Supp. 2d 295 (D. Conn. 2009). Specifically, we agree that Arrigoni failed to "seek compensation through the procedures the State has provided for doing so."

2

*Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). We are not convinced that these facts merit waiver of *Williamson*'s requirements.

Also upon *de novo* review, *see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013), we conclude that the District Court properly granted summary judgment on Arrigoni's substantive due process claim. A constitutionally cognizable property interest in a land use permit arises only when a plaintiff can show a "clear entitlement" to the permit. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). "A clear entitlement, and, in turn, a constitutionally protected property interest, exists only when the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured." *Id.* (internal quotation marks omitted). In light of the discretionary nature of the state-authorized special permit process, the District Court correctly concluded that Arrigoni lacked a constitutionally cognizable property interest in the special development permit. *See Irwin v. Planning and Zoning Comm'n of the Town of Litchfield*, 244 Conn. 619, 626-27 (1998) (confirming discretionary nature of special permit process). Furthermore, the District Court properly concluded that Arrigoni's site plan, "which proposed to crush more than 70,000 cubic yards of rock" was "not in compliance" with the town's prohibition on rock crushing in the Design Development District zone, where Arrigoni's property is located. *Arrigoni Enters., LLC v. Town of Durham*, No. 08-520, 2011 WL 4572025, at *11 (D. Conn. Sept. 30, 2011).

Next, we find no abuse of discretion in the District Court's exclusion of Arrigoni's late-submitted comparator evidence from the equal-protection trial. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997). The decision in *Fortress Bible Church v. Feiner*, 694 F.3d 208 (2d Cir. 2012), was published on September 24, 2012. Arrigoni remained silent about the change in the law that it perceived to have been effected by *Fortress Bible*, and the related additional evidence it proposed to introduce, until December 26, 2012. It had an opportunity to alert the court and Defendants about its intention both at the close of discovery on November 15, 2012, and at a status conference held December 11, 2012 for the trial scheduled to begin January 7, 2013. And of course, it could have provided earlier

3

written notice. In these circumstances, it was well within the District Court's discretion to exclude the late-submitted evidence.

Even were the District Court's evidentiary ruling an abuse of discretion, we are not persuaded that the exclusion was prejudicial to the trial outcome. *See Marshall v. Randall*, 719 F.3d 113, 116 (2d Cir. 2013). Arrigoni was allowed to present three other comparator properties at trial, and the jury found them unconvincing. Moreover, since the PZC rejected Arrigoni's application because it proposed high-volume rock crushing in a zone in which rock crushing is prohibited, we see no basis for concluding that the extra evidence would have persuaded the jury that Arrigoni was "treated differently [than the proposed comparators] without any plausible explanation for the disparity." *Fortress Bible*, 694 F.3d at 224.

Finally, we review a district court's ruling on a motion for declaratory judgment *de novo*. *See Scholastic, Inc. v. Harris*, 259 F.3d 73, 81 (2d Cir. 2001). For substantially the reasons stated by the District Court, we affirm the denial of Arrigoni's request for a declaratory judgment that § 12.05 is unconstitutionally vague both as applied and facially. *See Arrigoni Enters., LLC v. Town of Durham*, 18 F. Supp. 3d 188 (D. Conn. 2014). We agree that § 12.05 of the Durham zoning regulations is not unconstitutionally vague as applied. It informs the reader that the activity in which Arrigoni proposed to engage was prohibited, and it uses terms that give a "reasonably prudent person, familiar with the conditions the regulations are meant to address and the objectives the regulations are meant to achieve, . . . fair warning of what the regulations require." *Cunney v. Bd. of Trs. of Vill. of Grand View, N.Y.*, 660 F.3d 612, 621 (2d Cir. 2011). Because the regulation provided fair warning that Arrigoni's proposed activity fell "within the core of the ordinance's prohibition," *id.* at 622 (alteration omitted), and the PZC relied upon this prohibition in denying Arrigoni's application for a special permit, Arrigoni's as-applied challenge fails. We also reject Arrigoni's contention that the regulation is unconstitutionally vague on its face. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982).

4

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court